UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gene David Evans, Jr., #23042, | ) C/A No. 4:17-2731-HMH-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| S.L.R. Detention Center, | ) |
| Sumter County, | ) |
| Sumter County Sheriff's Department, | ) |
| S.H.P/Southern Health Partners, | ) |
| Miss Abraham, | ) |
| Sgt. Sweat, | ) |
| Corr. Ofc. Glisson, | ) |
| Defendants. | ) |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

1

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on May 4, 2017, at 6:30pm, while on suicide watch, he managed to get two small razor blades. (ECF No. 1 at 5, 7). He sliced his right wrist. (ECF No. 1 at 7). Defendants Sweat and "Gleason" came in, and then, Plaintiff swallowed the blades. (ECF No. 1 at 7). Defendants were informed that Plaintiff had swallowed the blades. (ECF No. 1 at 7). Without attending to the wrist cut or taking Plaintiff to another facility, the three named defendants strapped Plaintiff in a chair and gave him laxatives. (ECF No. 1 at 7). Blood built up in his throat, and he started choking and passed out. (ECF No. 1 at 7). He was awakened later when he was taken out of the chair straps for five minutes and then strapped back in the chair. (ECF No. 1 at 7). The lights stayed on all night. (ECF No. 1 at 7).

He was then taken out of the chair the next morning. (ECF No. 1 at 7). He was able to use a phone to inform others what happened and that person called the news. (ECF No. 1 at 7). Around 9am the next day, he was taken to a hospital and admitted. (ECF No. 1 at 7). He said Defendant Abraham was very angry. (ECF No. 1 at 7). The two blades were in his intestines per the x-ray. (ECF No. 1 at 8). A doctor stated that he was to remain at the hospital until a bed came open at Bryan's Mental Health. (ECF No. 1 at 8). He passed the blades. A few days later was told the ER needed his room and a doctor told him he would have to wait at the detention center. (ECF No. 1 at 8). Later, he found out the detention center removed his name from the list for placement at the mental health facility. (ECF No. 1 at 8).

He also reports he has been kept in solitary confinement since June 2017 "without cause." (ECF No. 1 at 5). He is having problems with his medications as well. Under relief, he states he wants to "get to mental health... and placed in an open pod." He requests monetary damages.

Plaintiff also alleges there is no law library. (ECF No. 1 at 6). He wants access to a law library. (ECF No. 1 at 10).

Section 1983 " is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

A pretrial detainee's § 1983 actions are evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870.

**Defendants Abraham, Sweat, and Glisson**

Plaintiff provides sufficient factual allegations, regarding deliberate indifference to medical care and solitary confinement/due process claims to withstand summary dismissal of Defendants Abraham, Sweat, and Glisson. In a separately docketed order, the court has authorized issuance and service of process on Defendants Abraham, Sweat, and Glisson.

**Defendant SLR Detention Center**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001). The SLR Detention Center does not exist as a legal entity capable of suing or being sued as it is a building, not a person, and, thus cannot act under color of state law. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, and therefore the detention center is not a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished opinion). SLR Detention Center is not a defendant amenable to suit under §1983. Thus, dismissal is appropriate and recommended for Plaintiff's claims against the SLR Detention Center.

**Defendant Southern Health Partners, Inc. (SHP)**

SHP is a private corporation. The Fourth Circuit has addressed private corporation liability under § 1983:

> We have recognized, as has the Second Circuit, that the principles of § 1983 municipal liability articulated in *Monell* and its progeny apply equally to a private corporation that employs special police officers. Specifically, a private corporation

> is not liable under § 1983 for torts committed by special police officers when such liability is predicated solely upon a theory of *respondeat superior. See Powell v. Shopco Laurel Co.*, 678 F.2d 504 (4th Cir.1982); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406 (2d Cir.1990); *see also Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975–76 (8th Cir.1993) (concluding that private corporation is not subject to § 1983 liability under theory of respondeat superior regarding acts of private security guard employed by corporation); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982) (same). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Rojas*, 924 F.2d at 408; *Sanders*, 984 F.2d at 976; *Iskander*, 690 F.2d at 128.

*Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999). Rule 8 requires the Plaintiff's complaint "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Plaintiff has not alleged how SHP is a person acting under color of state law or any actions SHP did or any policies enacted by SHP that caused Plaintiff harm. With the absence of allegations against SHP in the instant Complaint, SHP is not amenable to suit under § 1983 solely based on SHP being the employer of some of the individual defendants. *See Austin*, 195 F.3d at 728. Thus, dismissal of SHP is appropriate and recommended.[1]

**Sumter County**

A municipality or other local government entity may only be held liable under § 1983 "where the constitutionally offensive actions of [ ] employees are taken in furtherance of some municipal 'policy or custom.' " *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Wolf v. Fauquier Cnty. Bd. of*

---

[1] Plaintiff may amend his Complaint pursuant to the requirements of Fed. R. Civ. Proc. 15. Plaintiff's attention is drawn to this rule as he may be able to cure the deficiency noted above. *See also Grady v. White*, No. 16-7722, 2017 WL 1437235 (4th Cir. April 24, 2017)(dismissing without remanding to district court because district court previously afforded Plaintiff the chance to amend his complaint).

*Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury.' ") (*citing Monell*, 436 U.S. at 694). Further, the doctrine of *respondeat superior* is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent official policy or custom resulting in an illegal action. *Monell*, 436 U.S. at 694–95. Plaintiff fails to identify any governmental policy or custom of Sumter County that caused his constitutional rights to be allegedly violated. As such, Plaintiff's claims against Sumter County are subject to summary dismissal.[2]

**Sumter County Sheriff's Department**

Defendant Sumter County Sheriff's Department is subject to summary dismissal because of Eleventh Amendment immunity. Sheriffs Departments in South Carolina are state agencies, not municipal departments. *See Section* 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y. Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriffs Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Co.*, 515 F. Supp. 1185, 1189-1191 (D.S.C.1981)(County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir .1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332(4th Cir.1996)(suit against Sheriff of Greenville County: "... Sheriff Brown is an arm of the State."). Accordingly, Defendant Sumter County Sheriff's Department is subject to summary

---

[2] *See* note 1, *supra*.

dismissal as this party is entitled to Eleventh Amendment immunity.

**Request for access to a law library**

The United States Constitution guarantees inmates the right of meaningful access to the courts.[3] *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Here, Plaintiff has failed to plead with specificity any actual injury related to lack of a law library.[4] Accordingly, Plaintiff has stated no plausible claim for denial of access in regard to no law library and as such those claims are subject to summary dismissal. *See also Jones v. Lexington County Detention Ctr.*, 586 F. Supp. 2d 444 (D.S.C. 2008).

**Request for relocation/ different pod or center**

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control, and the choices of where and how to confine Plaintiff are a determination made by the

---

[3] Decisions of the Supreme Court have grounded the right of access to courts on various constitutional provisions: Article IV Privileges and Immunities Clause, First Amendment Petition Clause, Fifth Amendment Due Process, Fourteenth Amendment Equal Protection, and the Due Process Clauses. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

[4] *See* note 1, *supra*.

correctional system and not the courts. *See Wolff v. McDonnell*, 418 U.S. 539, 558–62 (1974). An inmate does not have a constitutional right to be confined in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983). Therefore, Plaintiff has failed to state a claim of constitutional magnitude as to his claims regarding placement. However, under a liberal construction, Plaintiff's claim regarding solitary confinement without cause is recommended to proceed.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993). Plaintiff's claims regarding solitary confinement and deliberate indifference to medical care are recommended to proceed. As noted above, it is recommended that Defendants SLR Detention Center, Sumter County, Sumter County Sheriff's Department, and Southern Health Partners be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants, Sweat, Glisson, and Abraham.

November 13, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).